IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUSSELL DALE DUNN, #17542-077, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1721-L |
| | § | |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

This is a habeas case brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States magistrate judge for proposed findings and recommendation. On August 30, 2005, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") were filed. Petition filed his Response and Objections to the Magistrate's Findings, Conclusions and Recommendation ("Objection") on September 22, 2005.

Petitioner seeks to challenge his 1981 conviction for burglary of a building,[1] which was used to enhance his current federal sentence for possession of a firearm and ammunition.[2] Petitioner has completed his 5-year state sentence that he now attacks as unconstitutional. Petitioner contends that: (1) he received ineffective assistance of counsel during the plea negotiations of his state conviction;

---

[1] Petitioner was convicted in the 282nd Judicial District Court, Dallas County, Texas, in Case Number F81-7706-NS.

[2] *See United States v. Russell Dale Dunn*, 4:01-CR-0125 (N. D. Okla).

**Memorandum Opinion and Order – Page 1**

(2) his guilty plea was not knowingly and voluntarily made; and (3) he was never informed of his rights to a direct appeal of his sentence and conviction. Memorandum in Support of Pet. at 1.

The magistrate judge found that Petitioner is not currently in custody for his state conviction, but is in federal custody pursuant to a judgment of the United States District Court for the Northern District of Oklahoma. The magistrate judge concluded that Petitioner was not entitled to federal habeas relief under § 2254 because "he has not satisfied the custodial prerequisite necessary to confer jurisdiction under that statute."[3] Report at 4. The magistrate judge recommends that the petition should be dismissed for want of jurisdiction. *Id.* at 6. In his Objection, Petitioner contends that he is still in custody under his 1981 burglary conviction because his current federal confinement "constitutes an extension or continuation of the sentence imposed pursuant to that conviction." Objection at 2.

After making an independent review of the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct. They are therefore accepted as those of the court. Accordingly, Petitioner's petition for habeas corpus is hereby **denied** for want of jurisdiction, and this action is **dismissed without prejudice**.

**It is so ordered** this 27th day of September, 2005.

*[signature: Sam A. Lindsay]*
Sam A. Lindsay
United States District Judge

---

[3]*See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (stating that § 2254 habeas petitioner whose sentence has expired is no longer "in custody" on that conviction, even if it was used to enhance his current sentence).

**Memorandum Opinion and Order – Page 2**